## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**ALLSTATE SERVICING, INC.,**

        **Plaintiff,**

**v.**                                 **Case No: 5:21-cv-574-WWB-DAB**

**KNAUF GIPS KG, KNAUF PLASTERBOARD TIANJIN CO. LTD. and KNAUF NEW BUILDING SYSTEM (TIANJIN) CO. LTD.,**

        **Defendants.**

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: MOTION FOR SUMMARY JUDGMENT ON ISSUES PARTICULAR TO THIS CASE (Doc. 45)**
>
> **FILED:** **June 13, 2022**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

Plaintiff Allstate Servicing, Inc. filed suit against the Knauf Defendants seeking, among other things, damages related to allegedly defective drywall the Knauf Defendants manufactured and placed into the stream of commerce, which was later

installed in thousands of homes; numerous homeowners and home builders sued. Previously, the cases were part of an extended Multidistrict Litigation proceeding ("MDL") which has since been largely resolved, and the individual cases have been transferred to the districts where the drywall was installed.[1]

The Knauf Defendants seek summary judgment on Plaintiff's individual claims, arguing that the four-year statute of limitations bars these claims. Because the Court finds that Plaintiff was aware of issues with the drywall in the home more than four years prior to bringing a claim, its suit is barred. None of the potential exceptions to straight-forward application of the Statute apply. Accordingly, it is respectfully **RECOMMENDED** that summary judgment be **GRANTED** and this case be dismissed.

Defendants also argue that Plaintiffs' claims are barred by what they contend is Florida's subsequent purchaser doctrine. Because, for purposes of summary judgment, Defendants have failed to demonstrate that the doctrine applies in this case, it is **RECOMMENDED** that the motion be **DENIED** in this respect.

## I.   BACKGROUND OF THIS CASE

Plaintiff Allstate Servicing, Inc. acquired (through foreclosure in February 2013) a house at 13430 NE 30th Court, Anthony, Florida. Doc. 45-3, Supp. Plaintiff Profile

---

[1] A full background describing the pending drywall litigation in this District is set forth in the Report and Recommendation (being filed herewith) relating to the motion for partial summary judgment that was filed in all of the Middle District of Florida cases.

Form, at 3. Allstate alleges that the home contains defective drywall[2] which was installed in the property in 2006, when the house was constructed. *Id.* at 3. Allstate's representative Matthew Tabacchi noticed a strong odor within the home at the time of acquisition. Doc.45-1, Depo. of Matthew Tabacchi, at 34. Allstate filed suit against the Knauf Defendants in September 2018. Defendants thus argue the suit is barred by Florida's four-year statute of limitations.

## II. STANDARD

"A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.*

For issues the movant must prove, the "movant must affirmatively show the absence of a genuine issue of material fact, and support its motion with credible evidence demonstrating that no reasonable jury could find for the non-moving party

---

[2] Plaintiff contends that Defendants' drywall products containing the ink stamp, "KNAUF-TIANJIN CHINA ASTM C36" and are defective, because the off-gas noxious and corrosive chemicals such as hydrogen sulfide and carbon disulfide.

on all of the essential elements of its case." *Landolfi v. City of Melbourne, Fla*., 515 F. App'x 832, 834 (11th Cir. 2013) (citation omitted). But for issues the non-movant bears the burden, the movant has two options: (1) point out a lack of evidence to support the nonmoving party's case; or (2) provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Cntys*., 941 F.2d 1428, 1437-38 (11th Cir. 1991) (citation omitted). "The burden then shifts to the non-moving party, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material facts exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citation omitted).

At the summary judgment stage, courts view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002). It may not undertake credibility determinations or weigh the evidence when reviewing the record. *See Latimer v. Roaring Toyz, Inc*., 601 F.3d 1224, 1237 (11th Cir. 2010). What's more, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

### III. ANALYSIS

**I. Statute of Limitations**

Under Florida law, claims for negligence, property defects, unjust enrichment, breach of warranty, and violation of Florida's Unfair Trade Practices Act are all subject to a four-year statute of limitations. § 95.11(3), Fla. Stat.; *see also Dominguez v. Hayward Indus., Inc.,* 201 So. 3d 100, 101 (Fla. 3d DCA 2015). For purposes of the commencement of the running of the statute of limitations, "[a] cause of action accrues when the last element constituting the cause of action occurs." Fla. Stat. § 95.031.

In the case of a latent defect, the time to file a lawsuit is equitably tolled such that the statute of limitations "runs from the time the defect is discovered or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.11(3)(c). But a plaintiff "need not know the full extent of his injury" to a "legal certainty" for the statute of limitations to commence to run. *Samson v. R.J. Reynolds Tobacco Co.,* No. 96-414, 1997 WL 373475, at *5 (M.D. Fla. June 2, 1997). And while equitable tolling may also exist where a plaintiff is "mislead or lulled into inaction" in some extraordinary way by a defendant, the statute of limitations will not be equitably tolled where a plaintiff cannot show what any defendant "said or did which prevented" the plaintiff from acting on their injury. *Hummer v. Adams Homes of Nw. Fla., Inc.,* No. 8:13-CV1981-T-17AEP, 2014 WL 897083, at *3 (M.D. Fla. Mar. 6, 2014).

Here, Mr. Tabacchi, Allstate's representative, testified that he smelled a strong odor in the home at the time Allstate acquired the Property in 2013. See Ex.

1 at 34:6–14. Mr. Tabacchi further testified that "[he's] pretty sure if [he] ever walk[ed] in a house that has Chinese drywall [he'd] know it." Id. at 34:15– 16. In other words, Allstate's representative noticed a strong odor that he admitted he knew (or should have known) was associated with defective drywall in 2013, but Allstate waited to file suit until 2018—more than four years later. Allstate's claims are therefore barred by the statute of limitations.

Plaintiff's response is generic with respect to the six cases where the statute of limitations has been raised. Plaintiff acknowledges that the four-year limitation applies to the claims in suit and does not dispute Defendants' factual recitation. Plaintiff does, however, assert that Defendants are "estopped" from raising the limitations defense based on a failure to provide post-sale notice or warnings.

This issue arose during the MDL proceedings and was squarely addressed by the presiding District Judge. *In Re: Chinese-Manufactured Drywall Products Liability Litigation*, Civil Action MDL 2047, No. 14-2722, 2020 WL 2488240, at *10 (E.D. La. 2020):

> Plaintiffs collectively contend that Defendants should be estopped from arguing that Plaintiffs were on notice of the defect any earlier than a formal Chinese drywall inspection because Defendants failed to comply with their post-sale duty to warn. Indeed, Florida law recognizes that in some circumstances, manufacturers have a post-sale duty to warn downstream consumers of defects in their products, even after the goods have left the manufacturer's possession or control. [citations omitted] . . .
>
> This duty is premised on the Restatement (Third) of Torts, which provides that a post-sale duty to warn is triggered when "[a] reasonable

person in the seller's position would provide a warning after the time of sale if . . . the seller knows or reasonable should have known that the product poses a substantial risk of harm to persons." Restatement (Third) of Torts, § 10(b)(1).

Even assuming, arguendo, that a post-sale duty to warn does exist, the Restatement (Third) of Torts clarifies that a post-sale duty to warn applies only when "a warning can be effectively communicated to and acted on by those to whom a warning might be provided." Restatement (Third) of Torts § 10(b)(3). In overseeing this MDL, the Court has become intimately familiar with the distribution process that brought Knauf manufactured drywall into this country. Due to the size and geographic scope of the market and the complexity of the distribution network, the Court concludes that it would not have been reasonably possible for Knauf to identify all those to whom a post-sale duty to warn may have been owed.

Judge Fallon's reasoning and his analysis of Florida law as it applies in these cases is sound and persuasive. Estoppel does not serve to avoid the statute of limitations.

Plaintiff also makes reference to the Consumer Products Safety Commission and asserts that Defendants failed to report and "fraudulently concealed" the product defects. However, Plaintiff fails to provide any connection between any violation of the Consumer Product Safety Act and the common law claims in this case. Plaintiffs have not shown that application of Florida's statute of limitations principles are affected by possible federal regulatory matters.

## II.    Subsequent Purchaser

This is one of ten cases in which Defendants argue that Plaintiff's damage claims are barred by what Defendants label the subsequent purchaser doctrine. In

essence, Defendants argue that Florida law does not allow a claim for damages to property to be asserted by a subsequent purchaser unless there has been an express assignment of any such claim from the original purchaser.

As argued by Defendants in each of the ten cases:

> Florida law provides that a cause of action arising out of injury to property is personal to the owner and a subsequent purchaser may not pursue the cause of action without a specific assignment of that cause of action. Where the cause of action arises out of an injury to property, that action is personal to the owner of the property and a party who subsequently takes title to the property, without receiving an assignment of that cause of action, may not pursue that cause of action. … In order to pursue a cause of action the subsequent purchaser of the property must allege that they became owner of the property after the damage was done and "that by assignment, he became possessed of all rights and causes of action which the original owners possessed." *Ginsberg v. Lennar Florida Holdings, Inc*., 645 So. 2d 490, 496 (Fla. 3d DCA 1994) (citing *Selfridge v. Allstate Ins.*, 219 So. 2d 127, 128 (Fla. 1969); and quoting *State Road Dep't. v. Bender*, 2 So. 2d 298 (Fla. 1941)). "When an assignment of interests is involved, the plaintiff must allege a valid assignment of that cause of action." *Llano Fin. Grp., LLC v. Ammons*, No. 3:16-CV627/MCR/CJK, 2017 WL 7596921, at *2 (N.D. Fla. June 15, 2017) (citing *Ginsberg*, 645 So. 2d at 496).

Plaintiffs respond that there is no such general doctrine and that the continuing nature of the damages from the defective drywall would preclude any application of such a doctrine.

Recently, District Judge Robert N. Scola of the Southern District of Florida, presiding over a number of cases similar to these, held "As a threshold matter, Florida does not appear to have a "subsequent purchaser rule" as the Defendants suggest, Subsequent purchasers are allowed to assert claims in a number of contexts." *Karpel*

*v. Knauf Gips KG*, 2022 WL 4366946 at *2 (S.D. Fla. Sept. 21, 2022). Notably, neither party favored this Court with any reference to Judge Scola's ruling as supplemental authority.

In the cases in this Court, Defendants argue the subsequent purchaser doctrine generally, without regard to the particular legal theories being pursued by Plaintiffs. Due to this presentation, the Court declines to undertake its own ex ante analysis of each of the theories of the case. For present purposes, it is sufficient to note agreement with Judge Scola's overall conclusion and to point out that Defendants have overstated the extent and potential application of the limited principles set forth in the cases they have cited.

The principal case cited by Defendants is *Ginsberg v. Lennar Florida Holdings, Inc.,* 645 So.2d 490 (Fla. 3d DCA 1994). As discussed by Judge Scola, however, "*Ginsberg* was decided on the basis of what the Florida Supreme Court now recognizes to be a flawed application of the economic loss rule." *Id.* at *6-7. The case accordingly is not good authority supporting the assertion of some overarching rule in Florida barring claims by subsequent purchasers of goods and real property.

The absence of a general doctrine barring claims by subsequent purchasers, the somewhat fluid nature of the Plaintiffs' claims and the variance in circumstances of each property at issue mean that treatment of this issue on summary judgment is inappropriate. The motion should be **DENIED** as to this issue.

## CONCLUSION

In accordance with the foregoing, it is respectfully recommended that the motion for summary judgment (Doc. 45) be **GRANTED** on the statute of limitations issue and that the Clerk be **DIRECTED** to enter a final judgment dismissing the case and to close the file.

## NOTICE

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on October 19, 2022.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record